GEORGE F. VERRY *vs.* GEORGE W. SMALL & another.

Under the *St.* of 1852, *c.* 312, the defendant in replevin, under an answer denying the plaintiff's title and right of possession, may prove property in himself.

REPLEVIN of a horse, wagon and harness. Answer, 1st, not guilty ; 2d, a denial of " said plaintiff's title to the said property or his right to possession as alleged ; " 3d, title in the defendants under a mortgage.

At the trial in the court of common pleas, it appeared that the plaintiff, holding a second mortgage of the property, tendered to the defendants on the day of the date of the writ the amount due on their mortgage. The defendants then offered evidence that, before the date of the plaintiff's mortgage and after that of their own, the property was delivered to one of them under a verbal pledge. To the admission of this evidence, under the pleadings, the plaintiff objected. But *Mellen,* C. J. admitted it ; and instructed the jury that if they found such a pledge, accompanied by possession, the plaintiff could not maintain his action. The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*D. Foster,* for the plaintiff, cited *Anstice* v. *Holmes,* 3 Denio, 244 ; *Dickinson* v. *Lovell,* 35 N. H. 18 ; Co. Lit. 283 *a ; Meany* v. *Head,* 1 Mason, 319 ; *Buckley* v. *Handy,* 2 Miles, 455 ; *Mason* v. *Farnell,* 12 M. & W. 674 ; *St.* 1852, *c.* 312, §§ 12, 14, 26, 34 ; *Granger* v. *Ilsley,* 2 Gray, 521 ; *Haskins* v. *Hamilton Mutual Ins. Co.* 5 Gray, 438 ; *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 542 ; *Bradford* v. *Tinkham,* 6 Gray, 495.

*G. F. Hoar & E. B. Stoddard,* for the defendants.

CHAPMAN, J.   The answer of the defendants contains, among other things inartificially set forth, a denial of the plaintiff's title or right of possession to the property replevied.   Under this denial they offered evidence that one of the defendants had the property in his possession by virtue of a pledge made prior to the plaintiff's mortgage.   This evidence was objected to, on the ground that its object was to prove " a substantive fact intended to be relied upon in avoidance of the action," and therefore it was not admissible unless the fact was " set forth in clear and precise terms " in the answer, according to the eighteenth section of the practice act, *St.* 1852, *c.* 312.   But we cannot thus regard its object.   It does not avoid the plaintiff's allegation, but meets it, and, if believed by the jury, overthrows it. The plaintiff has taken the burden of proving title in himself; and this evidence is pertinent to that point, for it tends to show that the title was not in him.

This question has been substantially decided in the case of *Knapp* v. *Slocomb,* 9 Gray, 73.   That was an action of tort for a trespass upon real estate; under an answer averring the defendant's ignorance of the truth of the plaintiff's allegations, he offered evidence that the title to a portion of the close described in the plaintiff's declaration was in a third person and not in the plaintiff, for the purpose of disproving the plaintiff's title and possession; and the evidence was held to be admissible. The statute makes no difference in this respect between actions of tort for trespass and actions of replevin.   And though it requires that each substantive fact intended to be relied on in avoidance of the action shall be set forth, yet it also provides that no party shall be required to state evidence, or disclose the means by which he intends to prove his case.

*Exceptions overruled.*